# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **V.** | **:** | **CRIMINAL NUMBER 06-036-1** |
| | **:** | |
| | **:** | |
| **ALLEN HEADEN** | **:** | |

## O R D E R

**AND NOW**, this        day of                         , 2013, upon consideration of

Defendant's Motion to Dismiss the Petition for Violation of Supervised Release, and the

government's response thereto, it is hereby **ORDERED** that said Motion is **GRANTED**.

BY THE COURT:

_____

THE HONORABLE EDUARDO C. ROBRENO
Senior United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **V.** | **:** | **CRIMINAL NUMBER 06-036-1** |
| | **:** | |
| | **:** | |
| **ALLEN HEADEN** | **:** | |

**DEFENDANT'S MOTION TO DISMISS
THE PETITION FOR VIOLATION OF SUPERVISED RELEASE**

Defendant Allen Headen, by and through his attorney, Jonathan Sussman, Assistant

Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania,

respectfully requests that the Court dismiss the Petition for Violation of Supervised Release.  In

support of this motion, the defense states:

1.      On January 24, 2006, Allen Headen was charged with one count of being a felon

in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

2.      Mr. Headen pleaded guilty to being a felon in possession of a firearm and was

sentenced on August 25, 2006, to sixty months in prison, three years of supervised release, a fine

of $1,000 and a $100 special assessment.

3.      Mr. Headen began supervision on August 9, 2010.  Mr. Headen's term of

supervised release was set to expire on its natural termination date of August 10, 2013.

4.      On August 9, 2013, Probation Officer Jeremy W. Carrion filed a Petition for the

Issuance of a Summons Directing the Named Supervised Releasee to Appear at a Revocation

Hearing.  This petition alleged one violation of Mr. Headen's supervised release.

5.      The last page of the petition includes a section beginning with "ORDER OF THE COURT," followed by the following language: "Considered and ordered this 9th day of August 2013 and ordered filed and made part of the records in the above case."  This section also includes a line bearing the signature of Judge C. Darnell Jones, II who approved and ordered the issuance of a summons directing Mr. Headen to appear at a revocation hearing.

6.      On August 30, 2013, Probation Officer Jeremy W. Carrion filed an Amended Petition That This Petition be Made an Addendum to the Violation Petition Signed by the Court on August 9, 2013, and the Issuance of a Warrant for the Named Supervised Releasee to be Arrested and Brought Before the Court for a Revocation Hearing. This petition included additional information about the violation alleged in the initial report and also included a second alleged violation committed by Mr. Headen.

7.      This Court approved the amended petition on August 30, 2013, and ordered the issuance of a warrant for Mr. Headen to be arrested.          The warrant for Mr. Headen's arrest was received and signed by the Deputy Clerk of Court on August 30, 2013.

8.      The warrant was executed on September 11, 2013.

9.      On September 12, 2013, the Court filed a Notice of Hearing scheduling Mr. Headen's Violation of Supervised Release Hearing for September 24, 2013.  The hearing was rescheduled for October 3, 2013, where defense counsel raised a jurisdictional issue to contest revocation.

10.     This Court lacks jurisdiction to revoke Mr. Headen's supervised release due to the untimely issuance of the summons and/or warrant in this case.

11.     Title 18 U.S. Code Section 3583(i) states:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration <u>if, before its expiration, **a warrant or summons has been issued**</u> on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i) (emphasis added).

12.     A plain reading of the statute makes it clear that "when no summons or warrant are issued, or the issuance occurs after the expiration of the supervised release term, . . . a court does not have jurisdiction to hold a hearing relating to a violation that occurred within the term." <u>United States v. Venable</u>, 416 F. Supp. 2d 64, 74 (D.D.C. 2006) (citations omitted).

13.     "[T]he mere order for a warrant or summons d[oes] not satisfy the requirements of

§ 3583(i).  <u>United States v. Daraio</u>, No. 04-245, 2012 WL 6652628, at *2 (D.N.J. Dec. 20, 2012).

14.     Nor does the filing of a petition for warrant or summons operate as the functional equivalent of filing a warrant or summons.  Authorizing the issuance of a summons or warrant "is not the same as actually issuing it."  <u>United States v. Crusco</u>, No. 90 CR. 945, 2000 WL 776906, at *2 (S.D.N.Y. June 15, 2000).

15.     This case is "one in which the court ordered a warrant or summons before the expiration of the supervised release term, but a warrant or summons was not actually issued." <u>Daraio</u>, 2012 WL 6652628, at *4.  Thus, because the government failed to comply with the requirements of § 3583(i), this court lacks jurisdiction to revoke Mr. Headen's term of supervised release.

**WHEREFORE**, for the foregoing reasons, and those set forth in the accompanying memorandum of law, the defendant respectfully requests that this Court grant the instant motion and dismiss the Petition for Violation of Supervised release.

Respectfully submitted,


  /s/ Jonathan Sussman
JONATHAN SUSSMAN
Assistant Federal Defender

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **V.** | : | **CRIMINAL NUMBER 06-036-1** |
| | : | |
| | : | |
| **ALLEN HEADEN** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**
**THE PETITION FOR VIOLATION OF SUPERVISED RELEASE**

Defendant Allen Headen, by and through his attorney, Jonathan Sussman, Assistant

Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania,

respectfully submits this memorandum in support of his Motion to Dismiss the Petition for

Violation of Supervised Release in the instant case.

As set forth in the accompanying Motion to Dismiss and this memorandum of law, Mr.

Headen asserts that this Court lacks jurisdiction to revoke his supervised release because the

government failed to issue a warrant or summons, as required by statute, before his term of

supervised release expired.

I.      **DISCUSSION**

      A.      **Court Lacks Jurisdiction to Revoke Mr. Headen's Supervised Release**
             **Because a Warrant or Summons Was Not Issued Prior to the Expiration of**
             **His Term of Supervised Release.**

This Court no longer has jurisdiction to revoke Mr. Headen's supervised release because

no warrant or summons was issued prior to the expiration of his term of supervised release.  Mr.

Headen's term of supervised release expired on August 10, 2013.  But a warrant was not issued

until August 30, 2013.  The controlling statute on this issue states:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, **a warrant or summons has been issued** on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i) (emphasis added).  A plain reading of the controlling statute instructs that the Court retains jurisdiction to revoke Mr. Headen's supervised release if, and only if, a warrant or summons was issued before his term of supervised release expired.  Id.  The wording of the statute makes it clear that "when no summons or warrant are issued, or the issuance occurs after the expiration of the supervised release term, . . . a court does not have jurisdiction to hold a hearing relating to a violation that occurred within the term."  United States v. Venable, 416 F. Supp.2d 64, 74 (D.D.C. 2006) (citing United States v. Hazel, 106 F. Supp.2d 14, 15 (D.D.C. 2000) (holding no jurisdiction to hold violation hearing because no summons issued before expiration of supervised release); United States v. Rivard, 127 F. Supp.2d 512 514-16 (D. Vt. 2000) (ruling no jurisdiction to hear merits of revocation petition because summons issued after supervised release expired); United States v. Crusco, No. 90 CR. 945, 2000 WL 776906, at *2 (S.D.N.Y. June 15, 2000) (no authority to revoke supervised release where neither summons nor warrant is issued)); see also United States v. Spencer, 640 F.3d 513, 517 (2d Cir. 2011) ("Congress, in enacting Section 3583(i), wanted courts to retain the authority to adjudicate revocation petitions after the term of supervision expired, so long as a warrant or summons had been filed during supervision . . . ."); United States v. Janvier, 599 F.3d 264, 266 (2d Cir. 2010) ("The plain language of the statute identifies the issuance of a warrant or summons during the

-2-

term of supervised release as the condition for the extension of the court's power to adjudicate a

violation charge and if appropriate revoke the term of release); United States v. Daraio, No. 04-

245, 2012 WL 6652628, at *2 (D.N.J. Dec. 20, 2012) (ruling that the requirements of § 3583(i)

are not satisfied where the court ordered the issuance of a warrant or summons, but no warrant or

summons was actually issued); United States v. Batista Otero, No. 06-0285, 2011 WL 817511, at

*2 (D. Puerto Rico Mar. 7, 2011) ("[T]he plain language of 18 U.S.C. § 3583(i), without need to

analyze legislative intent, leads . . . to one conclusion, that is, that the court lacks jurisdiction to

revoke the releasee due to the untimely issuance of the summons, two days after the term of

supervised release expired); United States v. Grandison, No. 1:04-CR-00080 (8), at *1 (S.D.

Ohio Oct. 5, 2010) (dismissing petition to revoke where the summons was issued after expiration

of defendant's supervised release); United States v. Lewis, No. 93-00178-CIV, 2008 WL

276074, at *1 (S.D. Fla. Jan. 31, 2008) ("[T]he fact that no summons had been issued deprived

this Court of jurisdiction to revoke Defendant's supervised release)).  Because no warrant or

summons was issued in this case before August 10, 2013, this Court does not have jurisdiction to

revoke Mr. Headen's supervised release.

       1.     *An order for the issuance of a summons or warrant does not satisfy the*
                *requirements of § 3583(i).*

The only document filed prior to the expiration of the term of Mr. Headen's supervised

release was the Petition for the Issuance of a Summons Directing the Named Supervised

Releasee to Appear at a Revocation Hearing and the corresponding order signed by Judge C.

Darnell Jones, II authorizing the issuance of the requested summons.  At no time prior to the

expiration of Mr. Headen's term of supervised release, however, was a document identified as a

"summons" or "warrant" actually issued.[1] See Daraio, 2012 WL 6652628, at *2; Hazel, 106 F.

Supp.2d at 15; Crusco, 2000 WL 7769606, at *2 ("A summons is a paper served on someone

requiring them to appear before a court."). Instead, on August 9th, the court merely ordered the

*issuance* of a summons prior to the expiration of Mr. Headen's term of supervised release. "The

few district courts that have squarely confronted cases in which the court ordered a warrant or

summons before expiration of the supervised release term, but a warrant or summons was not

actually issued, have unanimously concluded that the mere order for a warrant or summons did

not satisfy the requirements of § 3583(i)." Daraio, 2012 WL 6652628, at *2 (citations omitted);

see also  Lewis, 2008 WL 276074, at *2 (granting government's unopposed motion to dismiss on

the grounds of lack of jurisdiction where "despite the order from the District Court, no summons

was ever issued").

      In Crusco, Probation submitted a request for a court warrant or summons nine days prior

to the termination of defendant's supervised release.  Crusco, 2000 WL 7769606, at *1.  The

---

[1] "There is no Federal Rule of Criminal Procedure that by its terms governs the issuance of a summons or warrant on a petition to revoke supervised release."  United States v. Vallee, 677 F.3d 1263, 1265 (9th Cir. 2012).  Some courts have looked to Federal Rules of Criminal Procedure 4(b)(1), (b)(2) (covering warrants and summonses on complaints) and 9 (governing warrants and summonses on an indictment or information).  See Daraio, 2012 WL 6652628, at *2.  The Court in Crusco applied Rule 4 to § 3583(i) in determining that the government had not obtained a summons via the authorization of the issuance of a summons because a summons requires a "defendant to appear before a magistrate at a stated place and time and must describe the offenses charged."  2000 WL 7769606, at *2 (quotation omitted).  But "most courts to address the issue have stopped short of" applying Rules 4 and 9 in the context of supervised release.  See Daraio, 2012 WL 6652628, at *2.  Here, the Court does not need to resolve the issue of whether Rules 4 and 9 apply in this context because no summons was issued at all before August 10, 2013, and the warrant was not issued until August 30, 2013, which clearly falls outside the term of Mr. Headen's supervised release.  See id. at *2 (explaining that the court need not "determine whether a summons in the context of § 3583(i) needs to meet the requirements of Rule 4" because no summons was actually issued).

Judge signed the request authorizing the issuance of a summons and scheduled a revocation hearing for after the expiration of defendant's supervised release.  Id.  "[E]ven though there were only nine days remaining in [defendant's] period of supervised release, Probation did not obtain or issue the summons to secure [defendant's] appearance."  Id.  The court's authorization for the issuance of the summons was "not the same as actually issuing it."  Id. at *2 (citation omitted). Similarly in this case, Judge Jones merely authorized the issuance of a summons in his August 9th order.  He did not, in fact, issue a summons.  "To suggest that [the document signed by Judge Jones] is anything but an order for a summons is a frivolous, irresponsible argument."  Id.

In Janvier, the judge ordered the issuance of a warrant one day before defendant's term of supervised release was set to expire; the warrant was not issued until after the term ended. Janvier, 599 F.3d at 265.[2]  The government argued that an order for the issuance of a warrant "satisfies" the requirements of § 3583(i).  Id. at 267-8.  The Second Circuit conceded that although "it might well make more sense to trigger the retention of jurisdiction by the action of judicial officer determining that probable cause exists and directing that a warrant issue, rather than by the purely ministerial action of the clerk of the court in actually issuing the warrant," that is not what the statute requires.  Id. at 268.  "[T]o adopt the government's argument would be to rewrite the statute to say something that it does not say because we or the government think the revised version would be preferable.  The language of the statute, and of the district court's action here, is simply inconsistent with this approach."  Id.

---

[2]"While Janvier concerned a warrant and not a summons, the Second Circuit's reasoning is applicable in cases involving summonses as well."  Daraio, 2012 WL 6652628, at *3

Here, as stated above, the order signed by Judge Jones simply "<u>directed</u>" the issuance of a summons, "clearly contemplating the issuance of the [summons] as an act ordered to occur at some future time.  By its own terms, the order does not issue a [summons]; it directs someone else to issue one."[3]  <u>Id.</u> at 268.  Therefore, the mere order for a warrant or summons did not satisfy the requirements of § 3583(i).

> 2.    *The signed petition of August 9, 2013, does not satisfy the requirements of § 3583(i).*

We expect the Government to argue that a petition is enough to satisfy the requirements of § 3583(i).  The signed petition of August 9, 2013, does not give the Court jurisdiction to revoke Mr. Headen's term of supervised release.  <u>See</u> <u>Crusco</u>, 2000 WL 7769606, at *3 (construing the government's argument that petition becomes a summons when signed by judge as "completely meritless").  Prior to the passage of § 3583(i), most

> courts identified either the filing of a petition for revocation with the court or the provision for notice to a releasee that the government would seek to revoke the term of release as the event that would trigger an extension of jurisdiction. So long as some such triggering event had occurred during the term of release, . . . a court would retain jurisdiction over the releasee for the time necessary to adjudicate the charge.

---

[3]Which is exactly what happened in this case.  Upon approval of Probation's Amended Petition That This Petition be Made an Addendum to the Violation Petition Signed by the Court on August 9, 2013, and the Issuance of a Warrant for the Named Supervised Releasee to be Arrested and Brought Before the Court for a Revocation Hearing, the Court ordered the issuance of a warrant on August 30th.  This order was submitted to the Clerk's office on the same day – well after Mr. Headen's term of supervised release expired – and the warrant was executed on September 11th.  In contrast, based on the docket entries for this case, the order for issuance of a summons signed by Judge Jones on August 9th was never submitted to the Clerk's office for actual issuance of a summons.  Clearly, based on what transpired on the day the amended petition was filed, it was a "simple matter" to comply with the literal terms of § 3583(i).  <u>Janvier</u>, 599 F.3d at 268 (explaining that compliance with § 3583(i) is a "simple matter" and that "[g]iven the ease with which the statute can be satisfied, there is no reason to contemplate strained readings that would blur the bright line provided by Congress").

Janvier, 599 F.3d at 266 (citations omitted).  But in 1994, upon the enactment of § 3583(i),

Congress "chose a different triggering event."[4]  Id. at 267.  Indeed, Congress explicitly limited a

court's authority to revoke a term of supervised release after expiration of the release term to

instances where a "warrant or summons has been issued."[5]  18 U.S.C. § 3583(i); Janvier, 599

F.3d at 266 (ruling that the plain language of § 3583(i) "identifies the issuance of a warrant or

summons during the term of supervised release" as the trigger for continuing jurisdiction).

---

[4]There is caselaw from the Fourth Circuit suggesting that post-§ 3583(i), the mere filing of a petition within the term of supervised release preserves jurisdiction, but these cases are distinguishable from the instant matter.  United States v. Barton, 26 F.3d 490 (4th Cir. 1994) (decided before the passage of § 3583(i)); United States v. Buchanan, 638 F.3d 448, 455 n.7 (4th Cir. 2011) (concerning the issue of fugitive tolling of supervised release jurisdiction and suggesting in a footnote that filing a petition or summons before expiration of supervised release term satisfies § 3583(i)); United States v. Whiteside, Nos. 99-4733, 99-4734, 2000 WL 951219, at *1 (citing Barton and § 3583(i) and holding that filing of a petition during period of supervised release conveys jurisdiction).  Barton was decided prior to the passage of § 3583(i) and, thus, is inapplicable.  Although Whiteside was decided in 2011, the court specifically cites to Barton to support its holding, which is problematic because Barton does not analyze § 3583(i).  Finally, Buchanan, references the plain language of § 3583(i), which requires a warrant or summons to be issued, but provides no analysis for its statement that a petition should suffice.  Buchanan, 638 F.3d at 455 n.7 ("That statement may have merit in cases where a petition or summons is filed before the expiration of the supervised release term, in which case the § 3583(i) delayed revocation provision would extend the sentencing court's authority beyond the scheduled expiration date.").  Moreover, within the same footnote, the Court states that "it does not take into account a case where a defendant absconds late in the release term and his absence is not detected in time for a warrant or summons to be issued before the term expires."  Id.  Both clauses of the footnote cannot be true.  Thus, the plain reading of the statute must control, particularly where there is no legal support for the former argument other than Barton, which was decided before § 3583(i) was passed.

[5]Even assuming that the petition triggered jurisdiction, which the defendant does not concede that it does, the petition in this case would not convey jurisdiction upon this Court because it was not based upon probable cause supported by sworn allegations.  See United States v. Herndon, 546 F. Supp.2d 854, 858 (E.D. Ca. 2008); United States v. Vargas-Amaya, 389 F.3d 901, 902 (9th Cir. 2004). In this case the initial petition, at issue here, was signed off by the Supervising Probation Officer not the Assigned Probation Officer.  The Probation Officer talked to the Postal Inspector and the Border Patrol Agents while the Supervising Probation Officer had no direct nor indirect knowledge of the facts in this case in order to swear to the petition.

To interpret the statute otherwise would render § 3583(i) meaningless.  "[T]he filing of a petition necessarily <u>precedes</u> the issuance of a warrant." <u>Janvier</u>, 599 F.3d at 267.  Thus, "[i]f Congress intended to preserve prior caselaw authorizing retention of jurisdiction whenever a petition had been filed, § 3583(i) would serve no purpose, as jurisdiction would already exist in essentially every case provided for by the statute." <u>Id.</u>  Therefore, the Court should give meaning to the actual language of the statute.  The language of § 3583(i) is clear: a summons or warrant must be <u>issued</u> before the term of supervised release ends in order for a court to retain jurisdiction.  Neither were issued in this case prior to August 10, 2013, thus, this Court no longer has jurisdiction to revoke Mr. Headen's term of supervised release.

## II.    CONCLUSION

Despite filing a petition for issuance of a summons and obtaining an order for issuance of a summons prior to the expiration of Mr. Headen's supervised release term, neither a summons nor a warrant were issued until <u>after</u> his term of supervised release had expired.  The requirements of § 3583(i) simply have not been satisfied in this case.  Therefore, based on these facts and under a plain reading of § 3583(i), once the term of supervised release expired on August 10, 2013, this Court lost jurisdiction to revoke Mr. Headen's term of supervised release.

**WHEREFORE**, for the foregoing reasons, any reasons that may become apparent at a hearing, or for any other reasons the Court deems just, Mr. Headen respectfully requests that the Court grant his Motion to Dismiss the Petition for Violation of Supervised Release.

Respectfully submitted,

   /s/ Jonathan Sussman
JONATHAN SUSSMAN
Assistant Federal Defender

## <u>CERTIFICATE OF SERVICE</u>

       I, Jonathan Sussman, Assistant Federal Defender,  Federal Community Defender Office

for the Eastern District of Pennsylvania, hereby certify that I have served a copy of the

Defendant's Motion to Dismiss the Petition for Violation of Supervised Release and

memorandum of law in support thereof, by electronic notification or hand delivery to his office,

upon Joseph A. Labar, Assistant United States Attorney, office located at 615 Chestnut Street,

Suite 1250, Philadelphia, Pennsylvania  19106.

                                                /s/ Jonathan Sussman
                                             JONATHAN SUSSMAN
                                             Assistant Federal Defender

DATE:        October 15, 2013